CARL R. ANDERSON #024244
THE ANDERSON LAW FIRM, PLC.
6635 W. Happy Valley Road
Suite A-104, #511
Glendale, AZ 85310
(P)(480) 292-6021
(F)(623) 547-7318
Carl@TheAndersonLawFirmAZ.com

*Attorney for Plaintiff*

**IN THE FEDERAL DISTRICT COURT OF ARIZONA**

| | |
|---|---|
| KORY DEAN KRIEGER, | NO. |
| Plaintiffs, | |
| vs. | **COMPLAINT – DEMAND JURY TRIAL** |
| NATIONWIDE MUTUAL INSURANCE COMPANY, JOHN DOES 1-10 and ABC ENTITIES 1-10 | (ERISA §502(a)(1)(b), §102, §404 and INJUNCTION) |
| Defendants. | |

COMES NOW, Plaintiff, Kory Dean Krieger, (hereinafter, "Krieger" or "Plaintiff") in his Complaint against Defendant, Nationwide, and states as follows:

**SUMMARY OF THE COMPLAINT**

1.    This Complaint is filed pursuant to ERISA § 502(a)(1)(B), which provides a federal cause of action for a plan participant or beneficiary to "recover benefits due to him," "enforce his rights," or "clarify his rights to future benefits" under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B), ERISA § 502.

2.    This is an ERISA claim for Employee Long Term Disability Income Benefits, breach of fiduciary duty and violation of ERISA summary plan description requirements arising out

of a Defendant, Nationwide's, denial of Plaintiff's long term disability benefits. As its principal excuse, Defendant, Nationwide, offered the statement that Krieger's symptoms were merely "mental health claims" and therefore he was not entitled to receive the long term disability benefits he was required to receive under Nationwide's Plan. However, Mr. Krieger's disability stems from a sickness related to a brain tumor and corresponding gyral encephalomalacia or softening of the brain, he is due long term disability benefits until the age of 65 under the terms of the Employee Benefits Plan.

## JURISDICTION, VENUE, AND SERVICE OF PROCESS

3.      Plaintiff invokes the jurisdiction of this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq.

4.      Venue in this Court is proper under ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), in that defendants may be found in this District and much of the activity associated with breach took place in this District where Nationwide conducts business.

5.      Service of process is authorized in any other district where a defendant resides or may be found. ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2).

## THE PARTIES

**Plaintiff.**

6.      Plaintiff Kory Krieger is a resident of the State of Arizona. He is a former employee of Nationwide and at all relevant times was a participant in the Nationwide Corporation Employee Long-Term Disability Income Benefit Program, (hereinafter, "Plan") as the term

"participant" is defined in ERISA Section 3(7), 29 U.S.C. §1002(7). Mr. Krieger's Nationwide Associate policy number was at all relevant times 390624.

**Defendant.**

7.   Defendant Nationwide Corporation is an Ohio Corporation with headquarters in Columbus, Ohio. At all relevant times, Nationwide was an employer within the meaning of 29 USCS §1002(5), a "plan sponsor" of the Nationwide Corporation Employee Benefits Plan as defined in Section 3(16)(B) of ERISA, 29 U.S.C. §1002(16)(B), a "plan administrator" as defined in Section 3(16)(A) of ERISA, 29 U.S.C. §1002(16)(A), and a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 USCS § 1002(21)(A).

8.   Defendant Nationwide's Disability Benefits Plan is an employee benefit plan as defined in Section 3(3) of ERISA, 29 U.S.C. §1002(3), and an "employee welfare benefit plan" as defined in Section 3(1), 29 U.S.C. §1002(1).

9.   Plaintiff has exhausted any available administrative remedies for his claims.

## FACTS

10.   On or about August 20, 2008 Mr. Krieger became disabled and has not been able to work since that date.

11.   On or about December 29, 2009 Dr. David Burgoyne evaluated Mr. Krieger as an independent medical examiner. At that time Dr. Burgoyne determined that Mr. Krieger continued to meet the criteria for Long term disability under Nationwide's Plan definition

and informed Nationwide of his findings.  *See attached Exhibit* 1.

Nationwide defined Long Term Disabled under 9.4 – LTD Disability of its Summary Plan Description.  The term Long Term Disabled was defined as:

> "Under the Program, LTD Disability or LTD Disabled means a disability or disablement that results from a substantial change in medical or physical condition due a specific Injury or Sickness that renders you wholly and continuously disabled, and the substantial change in medical or physical condition prevents you from engaging in Substantial Gainful Employment for which you are, or may become, qualified.  Continuation of an existing medical or physical condition will generally not constitute a substantial change in the medical or physical condition if you previously demonstrated through attendance and/or work that you have been able to engage in Substantial Gainful Employment, or such medical or physical condition could have been accommodated.  A substantial change in medical or physical condition may be evidence by the change or loss of at least on of the Activities of Daily Living.  *See attached Exhibit 2*."

12.     On or about December 15, 2010 Dr. Daniela Caltaru performed a neurological evaluation on Mr. Krieger.  Dr. Caltaru determined that Mr. Krieger suffered from softening of the brain or encephalomalacia over the right frontal lobe.  *See Exhibit 3*.  Encephalomalacia is a disease or sickness under Nationwide's Plan that entitles the patient to receive long term disability income benefits.

13.     On or about February 28, 2011 Mr. Krieger's long term disability benefits were terminated by Nationwide.

14.     On or about April 13, 2011Mr. Krieger's appeal to reinstate his long term disability income benefits was denied.  See Exhibit 4.

**COUNT ONE: Section 502 (a)(1)(B) of ERISA: Claim for Benefits.**

15.     Because Mr. Keiger's disability stems from brain tumor and softening of the brain, he

4

is due long term disability benefits until the age of 65 under the terms of the Employee Benefits Plan.  Additionally *Exhibit 1* indicates from an independent medical examination that Mr. Krieger meets the criteria for Long Term Disability benefits.

16.     Plaintiff is entitled to receive Nationwide's long term disability income benefits under ERISA §502 (a)(1)(B).

**COUNT TWO: §404 of ERISA: Breach of Fiduciary Duty.**

17.     Nationwide breached their ERISA §404 fiduciary duties by falsely denying benefits Mr. Krieger so as to wrongfully deprive him of Employee long term disability benefits under the terms of the Employee Benefits Plan.

18.     Accordingly, the Plaintiff are entitled to appropriate equitable relief under ERISA §502 (a)(3) and/or additional benefits under ERISA §502 (a)(1)(B).

**COUNT THREE: Violation of ERISA §102: Failure to Provide an Adequate Summary Plan Description (SPD).**

19.     Nationwide prejudiced the plaintiff by failing to provide  employees a summary plan description of the Employee Benefits Plan in violation of the requirements for SPDs set forth in ERISA §102 and its implementing regulations found in 29 C.F.R. 2520.102.

20.     Accordingly, the Plaintiff are entitled to appropriate equitable relief under ERISA §502 (a)(3) and/or additional benefits under ERISA §502 (a)(1)(B).

**COUNT FOUR – INJUNCTION**

21. Plaintiff is seeking a preliminary injunction against Nationwide in that Defendant must reinstate Mr. Krieger's long term disability benefits.

22. Mr Kireger is likely to succeed on the merits of his claim against Nationwide since an independent medical examiner has determined that he meets the criteria for long term disability benefits .

23. Mr. Krieger is likely to suffer irreparable harm in the absence of preliminary relief and the restoration of his benefits.

24. The balance of equities tips in Mr. Krieger's favor, and this injunction is in the public interest as it is an alert to insurance companies that wrongly denied insurance benefits can be recovered through the courts.

**Prayer for Relief.**

WHEREFORE, the Plaintiff prays that this Court for:

1. Benefits due under the terms of the Employee Benefits Plan.

2. Appropriate equitable relief in the form of an injunction ordering Nationwide to reinstate Mr. Krieger's long term disability benefits.

3. Other further appropriate equitable and legal relief.

4. Attorney's fees pursuant to ERISA §502 (g);

5. Interest;

6. Costs;

7. Such other relief as the Court deems appropriate.

Dated this 26th day of May, 2011.

        THE ANDERSON LAW FIRM, PLC.

        By /s/ Carl R. Anderson_____
         CARL R. ANDERSON, ESQ.
         6635 W. Happy Valley Road
         Suite A-104, #511
         Glendale, AZ 85310
         *Attorney for Plaintiffs*

**ORIGINAL** filed this 26th day of May, 2011, with:

Clerk of the FEDERAL DISTRICT COURT OF ARIZONA
401 West Washington St.
Suite 130
Phoenix, AZ 85003


By: /s/ Carl Anderson