**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kory Dean Krieger,<br><br>Plaintiff,<br><br>vs.<br><br>Nationwide Mutual Insurance Company,<br><br>Defendant. | No. CV-11-1059-PHX-DGC<br><br>**ORDER** |

Kory Krieger is a former employee of Nationwide Mutual Insurance Company. He suffered a panic attack at work on August 20, 2008, went on disability leave the next day, and began receiving benefits under an employee long-term disability income benefits plan on March 1, 2009. The benefits were terminated February 28, 2011.

Krieger filed suit against Nationwide three months later. Doc. 1. Counts one through three of the complaint assert ERISA claims for recovery of benefits, breach of fiduciary duty, and failure to provide an adequate summary plan description. *Id.* ¶¶ 15-20. Count four seeks injunctive relief in the form of reinstatement of benefits. *Id.* ¶¶ 21-24.

Plaintiff has filed a motion for a preliminary injunction. Doc. 16. Defendant has filed a response. Doc. 19. No reply has been filed. For reasons stated below, the motion will be denied.[1]

---

[1] Plaintiff's request for oral argument is denied because the issues have been briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

To obtain a preliminary injunction, Plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). The test includes a sliding scale. If Plaintiff shows that the balance of hardships will tip sharply in his favor, he need not make as strong a showing of the likelihood of success on the merits – the existence of serious questions will suffice. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

The termination of benefits was wrongful, Plaintiff asserts, because it was based on an ambiguous, and narrowly construed, mental health limitation contained in the summary plan description. Doc. 16 at 2-4, 7. Defendant disputes that this was the reason for the termination of benefits. Doc. 19 at 2-5. As explained in a letter to Plaintiff dated May 18, 2011 (Doc. 19-3 at 9-10), Defendant claims to have terminated his benefits because he had exhausted the maximum benefits allowable under the plan regardless of the cause of his disability. Specifically, because Plaintiff's long-term disability coverage had been in effect for only 16 months before he began receiving benefits, he was entitled to a maximum of 24 months of benefits under the plan. Doc. 19-2 at 42. Plaintiff does not challenge the applicability of this durational limitation.

Defendant argues, correctly, that Plaintiff has not shown that he is likely to succeed on the merits. Nor has he demonstrated the existence of serious questions, that is, "a fair chance of success on the merits." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (citation omitted). Because Plaintiff has failed to show a likelihood of success on the merits or the existence of serious questions, the Court will not issue a preliminary injunction. The Court need not address the other requirements for preliminary injunctive relief.

**IT IS ORDERED:**

1. Plaintiff's motion for preliminary injunction and reinstatement of disability

benefits (Doc. 16) is **denied**.

2. The Court will set a case management conference by separate order.

Dated this 25th day of August, 2011.

_____
David G. Campbell
United States District Judge