**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kory Dean Krieger, | No. CV11-01059-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Nationwide Mutual Insurance Company, | |
| Defendant. | |

Defendant Nationwide Mutual Insurance Company ("Nationwide") has filed a motion for summary judgment against Plaintiff Kory Dean Krieger. Doc. 30. The motion is fully briefed.[1]  Docs. 30, 45, 46. Plaintiff moves to strike portions of Defendant's motion for summary judgment. Doc. 49. The motion is fully briefed. Docs. 49, 54, 57. Plaintiff has also filed a motion for preliminary injunction (Doc. 47) and a motion for leave to amend the complaint (Doc. 50). Those motions are fully briefed. Docs. 47, 53, 59; Docs. 50, 58, 61.

For the reasons that follow, the Court will grant Nationwide's motion for summary judgment on the breach of fiduciary duty and SPD claims, and dismiss as moot the benefits and preliminary injunction claims. The Court will also deny Plaintiff's motion to strike, motion for preliminary injunction, and motion for leave to file an amended

---

[1] Plaintiff requested an unredacted copy of his disability claim log (Doc. 55), which Defendant provided (*see* Doc. 60). Plaintiff's position on the unredacted document (Doc. 62) is an issue before the Court on Defendant's motion for summary judgment (*see* Doc. 63), and is considered in the Court's ruling on that motion. The Court permitted Defendant to file a one-page sur-reply (Doc. 64) to Plaintiff's position on the unredacted document.

complaint.

**I.  Background.**

    **A.  Factual Background.**

Plaintiff is a former employee of Nationwide and at all relevant times was a participant in the Nationwide Insurance Companies and Affiliates Plan for Your Time and Disability Income Benefits ("the Plan"). Doc. 1, at 2-3. According to Plaintiff, he became disabled on or about August 20, 2008, and has not been able to work since that date. Doc. 1, at 3. On or about December 29, 2009, Dr. David Burgoyne evaluated Plaintiff and determined that he continued to meet the criteria for long term disability under the Plan. *Id.* at 3-4. On or about December 15, 2010, Dr. Daniela Caltaru performed a neurological evaluation of Plaintiff and determined that he suffered from encephalomalacia, a softening of the brain, over his right frontal lobe. *Id.* at 4. On or about February 28, 2011, Plaintiff's long term disability benefits were terminated.[2] *Id.* On or about April 13, 2011, Plaintiff's appeal to the Benefits Administrative Committee ("BAC") of the Plan to reinstate his long term disability income benefits was denied. *Id.*

Plaintiff alleges three claims under the Employee Retirement Income Security Act of 1974 ("ERISA"): (1) a claim for benefits pursuant to Section 502(a)(1)(B), (2) breach of fiduciary duty pursuant to Section 404, and (3) failure to provide an adequate Summary Plan Description pursuant to Section 102. Doc. 1, at 4-5. Plaintiff also asks for a preliminary injunction to reinstate his long term disability benefits. *Id.* at 5-6.

    **B.  Procedural Background.**

On September 28, 2011, the Court held a case management conference with the parties. Doc. 27. Plaintiff's counsel stated that Plaintiff may dismiss the case because Plaintiff's long term disability benefits were reinstated. Doc. 28. In the event that the case was not dismissed, both parties agreed that discovery was not necessary. *Id.* The Court set a deadline for motions for summary judgment on or before October 28, 2011 if

---

[2] Defendant alleges that the actual termination date was March 1, 2011. *See* Doc. 46, at 8.

Plaintiff did not dismiss the case before that date. *Id.*

On October 27, 2011, Plaintiff filed a motion to dismiss without prejudice because his long term disability benefits had been reinstated. Doc. 29. He reserved the right to bring a future claim against Nationwide if his benefits were later denied for any reason. *Id.* On October 28, 2011, Nationwide filed a motion for complete summary judgment. Doc. 30.

On November 15, 2011, the Court granted Plaintiff's motions to withdraw attorney (Doc. 35), to proceed in pro per (Doc. 32), and to withdraw his motion to dismiss without prejudice (Doc. 36). *See* Doc. 44. The Court denied the motion to dismiss without prejudice (Doc. 29) as moot and withdrawn. *Id.*

## II. Nationwide's Motion for Summary Judgment.

### A. Legal Standard.

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### B. Claim One: Benefits.

Plaintiff seeks recovery of long term disability income benefits pursuant to ERISA § 502(a)(1)(B), which provides that "[a] civil action may be brought . . . by a participant

or beneficiary . . . to recover benefits due to him under the terms of his plan[.]" 29 U.S.C. § 1132(a)(1)(B). Nationwide moves for summary judgment on Plaintiff's claim for benefits because it is not a proper defendant for this action, the issue is now moot, and the BAC's denial of Plaintiff's claim was proper under review for abuse of discretion. The Court will consider these arguments in turn.

### 1. Plaintiff Has Not Sued a Permissible Defendant.

The Ninth Circuit has clarified that potential liability under ERISA §502(a)(1)(B) is not limited to plans and plan administrators. *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1204 (9th Cir. 2011) ("[A]n entity other than the plan itself or the plan administrator may be sued under that statute in appropriate circumstances."). The *Cyr* court explained that, in some circumstances, "[i]t is not enough to identify a plan administrator as a potential defendant, in addition to the plan itself," because "the plan administrator can be an entity that has no authority to resolve benefit claims or any responsibility to pay them." *Id.* at 1207. While Cyr's employer was identified as the plan's administrator, it had nothing to do with denying her claim. *Id.* The program's insurer, though not identified as the administrator, effectively controlled the decision whether to honor or deny Cyr's claim. *Id.* at 1204. The *Cyr* court concluded that the plan's insurer was a logical defendant for an action brought by Cyr to recover benefits under the plan, as authorized by § 1132(a)(1)(B). *Id.* at 1207.

Nationwide claims that Plaintiff's decision to name it as the sole defendant in this case is inappropriate because it does not have the authority to pay benefits or otherwise provide the relief requested under 29 U.S.C. § 1132(a)(1)(B). Doc. 30, at 6. The Plan document vests the authority to make benefits payments with the BAC. Doc. 30, at 6-7. The BAC has the power to "decide all questions as to the rights of Participants under the Plan" and "to determine the amount, manner, and time of payment of benefits[.]" Doc. 31, at 4-5 (DSOF ¶ 11). Nationwide draws a distinction between itself and the BAC. Nationwide is the sponsor of the Plan. Doc. 31, at 4 (DSOF ¶ 9). The BAC is a committee established by Nationwide's board of directors and is named the Plan's

administrator. *Id.* (DSOF ¶ 10).

Plaintiff challenges the distinction between Nationwide and the BAC. He presents emails from Karen Muetzel, a Nationwide employee, that identify her as the LTD Claims Administrator. Doc. 45, at 24, 39 (Exs. 1, 5). He also presents a letter from Meutzel informing him that his benefits will expire on February 28, 2011. Doc. 45, at 37-38 (Ex. 5). Meutzel is again identified as the LTD Claims Administrator, and the letter bears Nationwide's business logo. *Id.* Plaintiff offers these documents to show that the BAC is the Plan's administrator in name only, and that Nationwide is the true administrator with authority to pay benefits under the Plan. Doc. 45, at 36.

The Court finds that there exists a genuine dispute as to whether Nationwide and the BAC are distinguishable entities. Nationwide's only additional evidence to show that it lacks legal authority over the disability benefits is that it does not fund these payments according to the relevant trust agreement. Doc. 30, at 7; *see* Doc. 31-2, at 18 (Trust Agreement § 9.15) ("This Trust shall constitute the sole source of funds which may be used to pay benefits under the Plan, and the Participating Employers shall not be liable in any way or in any manner for any such benefits beyond those monies which have been contributed to this Trust."). While Plaintiff does not challenge this evidence, the fact that Nationwide does not fund benefits payments does not resolve whether Nationwide is ultimately responsible for granting or denying benefits claims. *See Cyr*, 642 F.3d at 1207 (holding that a plan's insurer was properly named a defendant when it effectively controlled whether to honor or deny the plaintiff's claim). The Court will not grant summary judgment based on Nationwide's argument that it is not a permissible defendant.

### 2.     Plaintiff's Benefits Claim is Moot.

Nationwide argues that summary judgment is appropriate because Plaintiff continues to receive the benefits to which he is entitled, rendering his claim for benefits moot. Doc. 30, at 11. In initially denying Plaintiff's appeal for reinstatement of benefits, the BAC relied on Section 4.05.02 of the Plan, which establishes durational limits on

- 5 -

long term disability benefits based on length of disability coverage. Doc. 31, at 6 (DSOF ¶ 16); Doc. 31-2, at 22.  The Plan waives these durational limits in the event that an employee is approved for Social Security disability income benefits ("SSDI"), in which case "benefits under the Long-Term Disability Income Benefits Program will recommence from date of award issued until age 65[.]"  Doc. 31, at 6 (DSOF ¶ 21); Doc. 31-1, at 46 (Plan § 4.05.02(a)(iii)).  Plaintiff provided the BAC with a copy of a letter, dated July 11, 2011, in which the Social Security Administration informed Plaintiff that he was approved for SSDI benefits.  Doc. 31, at 7 (DSOF ¶ 22); Doc. 31-2, at 113-114.  In a letter dated September 23, 2011, Plaintiff was informed that his long term disability benefits had been "reinstated retroactive to [his] termination date" because of the SSDI award and that benefits would "continue as long as [he] continue[s] to satisfy the Plan's requirements, subject to all applicable limitations and conditions."  Doc. 31, at 7 (DSOF ¶ 23); Doc. 31-2, at 115-116.  Plaintiff does not dispute that his claim for benefits is moot.

"[T]he proper procedure for a court to take upon a determination that a [claim] has become moot is dismissal of the action, rather than a grant of summary judgment."  *Mesa Air Grp., Inc. v. Delta Air Lines, Inc.*, CV-08-1449-PHX-DGC, 2008 WL 5225811, at *2 (D. Ariz. Dec. 15, 2008) (quoting *Roberts v. Madison Cnty. Realtors Ass'n, Inc.*, 474 S.E.2d 783, 787 (N.C. 1996)).  The Ninth Circuit has instructed that "[s]ummary judgment is an inappropriate disposition when the district court lacks jurisdiction."  *Cal. Save Our Streams Council v. Yuetter*, 887 F.2d 908, 913 (9th Cir. 1989); *see also Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (holding that moot claim must be dismissed for lack of jurisdiction).  The Court will deny Nationwide's request for summary judgment and dismiss Plaintiff's benefits claim as moot.  Because the Court does not have jurisdiction over the moot claim, it need not address whether the BAC's initial denial of Plaintiff's claim was proper.

  **C.**   **Claim Two: Breach of Fiduciary Duty.**

Plaintiff alleges that Nationwide breached its ERISA § 404 fiduciary duties "by

- 6 -

1  falsely denying benefits [to Plaintiff] so as to wrongfully deprive him of Employee long
2  term disability benefits under the terms of the [Plan]." Doc. 1, at 5. ERISA § 404
3  requires fiduciaries to discharge their duties "with the care, skill, prudence, and diligence
4  under the circumstances then prevailing that a prudent man acting in a like capacity and
5  familiar with such matters would use[.]" 29 U.S.C. § 1104(a)(1)(B).

6  Nationwide argues that it is not a proper defendant on this claim because the BAC
7  denied Plaintiff's benefits. Doc. 30, at 13. As discussed above, the Court finds that there
8  is a genuine issue of material fact as to whether the BAC and Nationwide are distinct
9  entities and whether Nationwide was ultimately responsible for granting or denying
10 benefits claims. The Court will not dismiss Plaintiff's fiduciary duty claim on the ground
11 that Nationwide is an impermissible defendant.

12 Nationwide also argues that this claim essentially duplicates Plaintiff's benefits
13 claim and "must be dismissed because the law does not allow Plaintiff to repackage his
14 benefits claim as a claim for breach of fiduciary duty." Doc. 30, at 12. In *Varity*
15 *Corporation v. Howe*, the Supreme Court held that an individual beneficiary may bring a
16 suit against a plan administrator for breach of fiduciary duty under 29 U.S.C.
17 § 1132(a)(3), which authorizes "other appropriate equitable relief" to redress ERISA
18 violations. *See Varity*, 516 U.S. 489 (1996). The *Varity* court emphasized, however, that
19 § 1132(a)(3) is a "catchall" provision which provides relief only for injuries that are not
20 otherwise adequately provided for under § 1132. *Id.* at 512. The Ninth Circuit has
21 explained that, under *Varity*, individual relief for a breach of fiduciary duty in an ERISA
22 action is allowed "only where no other adequate relief is available." *Forsyth v. Humana,*
23 *Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997). The Ninth Circuit found equitable relief under
24 § 1132(a)(3) inappropriate where an action to recover benefits under § 1332(a)(1)
25 provided an adequate remedy. *Id.*

26 In response, Plaintiff raises breach of fiduciary duty theories that go beyond
27 wrongful deprivation of long term disability benefits as originally alleged in his
28 complaint. He argues that Nationwide is a permissible defendant because it had a duty

periodically to monitor the Plan's fiduciaries to ensure their compliance with ERISA, and that his fiduciary duty claim is not duplicative of his benefits claim because Nationwide failed to meet ERISA disclosure requirements. Doc. 45, at 9-11, 20-22. Federal Rule of Civil Procedure 8(a)(2) requires that allegations in the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quotation omitted). Plaintiff's complaint nowhere mentions ERISA monitoring and disclosure requirements. *See* Doc. 1. Plaintiff thus failed to provide Nationwide with adequate notice of these allegations.

When new factual theories are introduced for the first time in a response to a motion for summary judgment, they do not preclude entry of summary judgment. *Pickern v. Pier 1 Imports, Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006). The complaint improperly restates a claim for benefits under a breach of fiduciary duty theory. *See Murdock*, 861 F.2d at 1414. The Court will grant the motion for summary judgment on Plaintiff's breach of fiduciary duty claim.

### D.    Claim Three: Summary Plan Description.

Plaintiff claims that Nationwide prejudiced him by failing to provide an adequate summary plan description ("SPD") in violation of ERISA § 102 and its implementing regulations at 29 C.F.R. § 2520.102. Doc. 1, at 5. ERISA § 102 requires that an SPD of any employee benefit plan "be furnished to participants and beneficiaries as provided in section 1024(b)" and, among other requirements, that it "be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a). Section 1024(b) provides that "[t]he administrator shall furnish to each participant, and each beneficiary receiving benefits under the plan, a copy of the summary plan description[.]" 29 U.S.C. § 1024(b).

Nationwide again argues that it is not the proper defendant on this claim because as the Plan's sponsor it was under no legal obligation to provide an SPD. Doc. 30, at 7. The Supreme Court has recognized a statutory division of authority between a plan's sponsor and a plan's administrator. *See CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1877

(2011). "The plan's sponsor (*e.g.*, the employer), like a trust's settlor, creates the basic terms and conditions of the plan. . . . The plan's administrator, a trustee-like fiduciary, manages the plan, follows its terms in doing so, and provides participants with the summary documents that describe the plan[.]" *Id.* Nationwide claims that because "ERISA carefully distinguishes these roles" it cannot be held responsible for legal obligations of the Plan administrator. *See* Doc. 30, at 8 (quoting *Amara*, 131 S. Ct. at 1877). *Amara* does not stand for the proposition that a sponsor may never be responsible for the obligations of an administrator. The Supreme Court found only that it had "no reason to believe that the statute intends to mix the responsibilities by giving the administrator the power to set plan terms indirectly by including them in the summary plan descriptions." *Amara*, 131 S. Ct. at 1877. A plan's sponsor and a plan's administrator have distinct statutory obligations under ERISA, and the administrator is charged with providing beneficiaries with a summary plan description. *See* 29 U.S.C. § 1024; ERISA § 104. As addressed with respect to Plaintiff's first two claims, there is a genuine issue of material fact as to whether Nationwide took on the role of a plan administrator by controlling decisions on benefits claims.

Summary judgment is nonetheless appropriate where Plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. For his SPD claim, Plaintiff seeks "appropriate equitable relief under ERISA § 502(a)(3) and/or additional benefits under ERISA § 502(a)(1)(B)." Doc. 1, at 5. Clearly, Plaintiff cannot obtain additional benefits on the basis of allegedly deficient terms in the SPD. In *Amara*, the Supreme Court made it clear that "summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan for purposes of § 502(a)(1)(B)." 131 S. Ct. at 1878.

Nor can Plaintiff obtain equitable remedies for this claim. The *Amara* Court explained that § 502(a)(3) may authorize three possible equitable remedies: estoppel,

reformation, and surcharge. *Skinner v. Northrop Grumman Retirement Plan B*, --- F.3d ----, No. 10-55161, 2012 WL 887600, at *2 (9th Cir. March 16, 2012) (citing *Amara*, 131 S. Ct. at 1878-80). Plaintiff has not presented evidence of reliance on the allegedly defective SPD, thus making estoppel an inappropriate remedy. *See id.*

Reformation is only appropriate in cases of fraud and mistake. *See, e.g.*, *Cont'l Ins. Co. of N.Y. v. Cotton*, 427 F.2d 48, 53 (9th Cir. 1970) ("Since fraud and mutual mistake are absent in this case, reformation was improper."). Plaintiff cannot prevail under a mistake theory because he has presented no evidence that the SPD terms fail to reflect the drafter's true intent.[3] Plaintiff cannot prevail under a fraud theory because he has presented no evidence that the SPD terms amounted to fraud, duress, or undue influence.[4] Because Plaintiff has not shown fraud or mistake, reformation is not an appropriate remedy.

Finally, the Ninth Circuit has found that a plan administrator has a statutory duty to provide plan participants with an SPD that is "sufficiently accurate and comprehensive to reasonably apprise" Plaintiff of his rights and obligations under the plan. *Skinner*, 2012 WL 887600, at *4; 29 U.S.C. §§ 1022(a), 1024. A surcharge remedy may hold a plan administrator liable for benefits gained through unjust enrichment or for harm caused as the result of its breach. *Id.* Plaintiff discusses surcharge in general terms in his opposition to the motion for summary judgment, but has presented no evidence that Defendant gained a benefit by failing to ensure that the SPD was adequate. And because

---

[3] *See Skinner*, 2012 WL 887600, at *3 ("In the law of trust, a court may reform a trust instrument to accord with the settlor's intent if there is evidence that a mistake of fact or law affected the terms of the instrument and if there is evidence of the settlor's true intent. . . . In the law of contract, a court may reform a contract to reflect the true intent of the parties if both parties were mistaken about the content or effect of the contract.") (citations omitted).

[4] *See Skinner*, 2012 WL 887600, at *3 ("In the law of trust, a court may reform a trust to the extent that it was procured by wrongful conduct, such as undue influence, duress, or fraud. . . . In the law of contract, a court may reform a contract when (1) one party seeks reformation, (2) that party's assent was induced by the other party's misrepresentations as to the terms or effect of the contract, and (3) the party seeking information was justified in relying on the other party's misrepresentations.") (citations omitted).

Plaintiff has not demonstrated reliance on the allegedly defective SPD, he has not established any harm for which he should be compensated.  *See Skinner*, 2012 WL 887600, at *4 (holding that the "harm" of being deprived of the statutory right to an accurate SPD is not a compensable harm).  Plaintiff has not shown that his current position is any different than it would have been without the allegedly defective SPD.

Because Plaintiff has not made a showing sufficient to establish that he is entitled to relief on his SPD claim under § 502(a)(3) or § 502(a)(1)(B), the Court will grant summary judgment on this claim.

### E. Claim Four: Preliminary Injunction to Reinstate Benefits.

In their briefing on the motion for summary judgment, neither party addresses Plaintiff's claim to reinstate his long term disability benefits.  This claim is moot because Plaintiff's long term disability benefits have been reinstated.  *See* Doc. 31, at 7 (DSOF ¶ 23); Doc. 31-2, at 115-116.

### F. Additional Claims.

In his opposition to the motion for summary judgment, Plaintiff appears to assert new claims for "wrongfully withheld Health Insurance Benefits" (Doc. 45, at 17) and clarification of future benefits (Doc. 45, at 12).  Plaintiff argues that he has a valid claim for benefits under ERISA § 502, 29 U.S.C. § 1132(a)(1)(B), "because Defendant wrongfully disclaimed both Plaintiff's health and income benefits contrary to the Plan since the 24 month benefit limitation applies to income benefits only *and* Defendant refuses to clarify future benefits due and owing Plaintiff."  Doc. 45, at 12.  The allegations in the complaint relate only to long term disability income benefits.  *See* Doc. 1, at 5.  Plaintiff has not given Nationwide fair notice of a health insurance claim or a claim for clarification of benefits because they were not alleged in his complaint, *Swierkiewicz*, 534 U.S. at 512, and he cannot now assert these claims in a response to a motion for summary judgment, *see Wasco Prods., Inc. v. Southwall Tech., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("[S]ummary judgment is not a procedural second chance to flesh out inadequate pleadings.").  The Court therefore need not address Plaintiff's claims

for health insurance benefits and clarification of future benefits.

The Court notes that to the extent Plaintiff seeks to challenge the classification of his disability as a mental or physical condition now that his benefits have been reinstated, Plaintiff must first exhaust his administrative remedies. "[T]he general rule governing ERISA claims [is] that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court." *Diaz v. United Emp. Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995). "Consequently the federal courts have the authority to enforce the exhaustion requirement in suits under ERISA[.]" *Id.* (quoting *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980)). In *Sims v. Apfel*, the Supreme Court explained the difference between remedy exhaustion and issue exhaustion: remedy exhaustion requires a claimant to obtain a final decision on his claim, while issue exhaustion requires the claimant to also specify the issues in his request for review by the agency. 530 U.S. 103, 107 (2000). The Ninth Circuit has concluded that ERISA does not require issue exhaustion for each theory challenging a plan's decision. *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 632 (9th Cir. 2008).

Plaintiff appealed only for reinstatement of his long term disability income benefits. Doc. 45, at 26 (Ex. 2). Plaintiff has exhausted his administrative remedies with respect to that claim. *See id.* at 27. Plaintiff now appears to focus on the classification of his encephalomalacia as a mental or physical condition, which is a different claim than his appeal for reinstatement of benefits. *See id.* at 28 (Ex. 2.A). If Plaintiff does seek to challenge this classification, he must first exhaust the Plan's internal review procedures.

The Court will dismiss the benefits and preliminary injunction claims as moot and grant summary judgment in favor of Nationwide on the breach of fiduciary duty claim and the SPD claim.

**III.   Plaintiff's Motion to Strike.**

In Plaintiff's response to Nationwide's motion for summary judgment, he appeared to raise a new claim for health insurance benefits. *See* Doc. 45, at 12-17. In

reply, Nationwide included the relevant SPD (Doc. 46-1, Ex. A) to show that the Plan does not provide for health benefits, but rather only provides for paid time off, short term disability benefits, and long term disability benefits. Doc. 46, at 7. Nationwide argued that to the extent Plaintiff made a claim for health insurance benefits that was not asserted in his complaint, he must first exhaust his administrative remedies. Plaintiff moves to strike the SPD as improperly authenticated and all related arguments as irrelevant evidence. Doc. 49.

As discussed above, the Court declined to address Plaintiff's claim for health insurance benefits because it was not part of the complaint and was improperly made in opposition to Nationwide's motion for summary judgment. The SPD and Nationwide's arguments relating to exhaustion of remedies relate only to this potential claim for health insurance benefits and did not bear on the Court's summary judgment analysis of Plaintiff's three original claims. The Court will therefore deny Plaintiff's motion to strike (Doc. 49) as moot.

**IV.     Plaintiff's Motion for Preliminary Injunction.**

Plaintiff has filed a motion in response to a letter from Nationwide dated December 21, 2011 wherein it seeks additional documentation as support for Plaintiff's long term disability claim. Doc. 47, at 1. The Court views this motion as a request for a preliminary injunction excusing him from complying with Nationwide's request for a Long Term Disability Attending Provider's Statement because Plaintiff's doctor would charge him a $40.00 co-payment and $25.00 fee to complete the requested forms. *Id.* at 3. Because this issue is not raised in Plaintiff's complaint, it cannot form the basis for a preliminary injunction.

In addition, Plaintiff has shown neither a likelihood of success on the merits nor the existence of serious questions going to the merits – requirements for a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Plaintiff asserts that the Plan is not being administered in accordance with its governing documents because "the Plan Document is silent as to bearing the cost

associated with obtaining Medical Reports." Doc. 47, at 10. To the contrary, the Plan provides that long term disability income benefits will continue for the maximum coverage period if the beneficiary "[c]ontinues to provide medical records, attending physician statements, and any other documentation required by the Plan Administrator, or its delegate, to support the LTD Disability." Doc. 31-1, at 45 (Plan § 4.05.01). The Court agrees with Nationwide that these terms clearly place the burden of providing attending physician statements on Plaintiff. *See* Doc. 53, at 3. Furthermore, the SPD informs Plan beneficiaries that they "will not receive benefits under the LTD Program if [they] fail to cooperate in providing all necessary information to determine disability under Program provisions[.]" Doc. 49, at 12 (SPD § 9.7.3). The Court will deny Plaintiff's motion for preliminary injunction. Doc. 47.

**V.    Plaintiff's Motion for Leave to File an Amended Complaint.**

Plaintiff has requested leave to file an amended complaint. Doc. 50. Nationwide opposes the motion. Doc. 58. The Court will deny the motion.

Plaintiff filed this action, through counsel, in May of 2011. Doc. 1. Plaintiff sought a preliminary injunction, which the Court denied after briefing. Doc. 20. In preparation for the case management conference, the Court specifically asked the parties if amendment of pleadings would be required. Doc. 21, at 3. The Court's order stated that the Court would set a deadline for amending pleadings if either party thought amendment was necessary. *Id*. Both parties stated in their case management reports that amendment of pleadings was not required. *See* Doc. 24, at 3 (Nationwide); Doc. 26, at 2 (Plaintiff). Plaintiff's counsel also stated in his case management report that the case likely would be dismissed because Plaintiff's benefits had been reinstated by Defendant. Doc. 26. Plaintiff's counsel reiterated this position at the case management conference, and both parties agreed that discovery was not necessary and the case could proceed directly to summary judgment briefing if the case was not dismissed by Plaintiff.

Because both parties agreed that discovery was not necessary, and because Plaintiff was out of the country and unable to confirm that the case should be dismissed,

- 14 -

the Court entered an order providing that motions for summary judgment would be filed on October 28, 2011, if Plaintiff had not dismissed the case by that date. Doc. 28. Plaintiff's counsel subsequently filed a motion to dismiss the case voluntarily, which Plaintiff later asked to have withdrawn. Docs. 29, 36. Plaintiff's counsel sought to withdraw from the case (Doc. 35) and Plaintiff requested permission to proceed pro se (Doc. 32). The Court held a lengthy conference with the parties on November 15, 2011. Doc. 44. The Court granted the request of Plaintiff's counsel to withdraw, permitted Plaintiff's to represent himself, afforded Plaintiff additional time to locate new counsel and respond to Defendant's motion for summary judgment, and confirmed again that the case would proceed to summary judgment briefing. *Id.* Plaintiff did not retain new counsel and has proceeded to represent himself in this case.

Since the point where Plaintiff's counsel informed the Court that Plaintiff's benefits had been reinstated and the case likely would be dismissed as moot, Plaintiff has prolonged this litigation by refusing to dismiss the action, filing a motion to compel, motion for preliminary injunction, and motion to strike (Docs. 47, 48, 49), insisting on two discovery conference calls with the Court even though discovery was not needed in this case (Docs. 52, 63), and by now moving to amend the complaint (Doc. 50). Plaintiff's motion to amend provides no clear indication of the claim he wishes to assert. It states that Defendant disclosed a document with its reply memorandum in support of summary judgment that "affords Plaintiff new claims." *Id.* at 2. Plaintiff states that the document shows "the defense would like to argue" that Plaintiff's disability benefits were denied because of "some sort Health Insurance policy." *Id.* at 3. Plaintiff attaches a single document that contains a reference to "Nationwide health care plan(s)." *Id.* at 6. Plaintiff has disclosed no viable claim.

The Court concludes that such an amendment would be futile. The Court also concludes that amendment is untimely given the parties' agreement, now months old, that this case required no discovery and should be resolved promptly by summary judgment. Plaintiff's counsel advised the Court that amendments would not be needed. Defendants

and the Court relied on this position in setting a schedule that has brought the case to this point. To permit Plaintiff now to amend his complaint to assert an imprecisely defined claim would be prejudicial to Defendant and to the Court's ability to manage its docket. Plaintiff's motion to amend in therefore denied.

**IT IS ORDERED:**

1. Defendant Nationwide's motion for summary judgment (Doc. 30) is **granted** on the breach of fiduciary duty and the SPD claims, and the benefits and preliminary injunction claims are dismissed as moot.

2. Plaintiff's motion to strike (Doc. 49) is **denied** as moot.

3. Plaintiff's motion for preliminary injunction (Doc. 47) is **denied**.

4. Plaintiff's motion for leave to file an amended complaint (Doc. 50) is **denied**.

Dated this 26th day of March, 2012.

_____
David G. Campbell
United States District Judge