**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kory Dean Krieger,<br><br>Plaintiff,<br><br>v.<br><br>Nationwide Mutual Insurance Company,<br><br>Defendant. | No. CV11-01059-PHX-DGC<br><br>**ORDER** |

Plaintiff Kory Dean Krieger has filed a motion for reconsideration of the Court's March 27, 2012 order (Doc. 65) granting summary judgment in favor of Defendant Nationwide Mutual Insurance Company and denying Plaintiff's motion to strike, motion for preliminary injunction, and motion for leave to file an amended complaint. Doc. 67. The Court ordered a response to the motion (Doc. 68), and Defendant has complied (Doc. 72). The Court will deny the motion.[1]

Motions for reconsideration are disfavored and should be granted only rarely. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal

---

[1] Plaintiff has filed supplemental exhibits to his motion for reconsideration. Doc. 73.

differences through the exercise of reasonable diligence, (2) new material factual events have occurred after the Court's initial decision, (3) there has been a material change in the law after the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision.  *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

This case relates to Defendant's February 28, 2011 termination of Plaintiff's long term disability benefits due to a 24-month limitation that applied under the terms of the relevant benefits plan ("the Plan").  Doc. 1, ¶ 13.  On March 27, 2012, the Court denied Plaintiff's benefits claim as moot because Plaintiff's benefits had been reinstated retroactive to February 28, 2011.  *See* Doc. 65, at 5-6.

Plaintiff now comes forward with evidence that his long term disability benefits have been terminated a second time, as of February 29, 2012.[2]  *See* Doc. 67, at 10-14.  The Plan provides that "[a]ny [long term disability] that results from a substantial change in condition due to an Illness that occurs after the date Long-Term Disability Income Benefits begin is not considered an Eligible Disability, unless determined by the Plan Administrator to be medically related to an Eligible Disability."  Doc. 67, at 13.  Plaintiff's benefits were terminated on February 29, 2012 because of "inadequate objective medical documentation that proves a causal relationship between the approved LTD diagnoses and the information reflected in radiological reports[.]"  *Id.*

Plaintiff urges the Court to reconsider its denial of Plaintiff's benefits claim due to the "capable of repetition, yet evading review" exception to mootness.  That exception, however, cannot be interpreted to include the risk of benefits termination under any provision of the Plan.  *See* Doc. 72, at 3-4 ("Because a long-term disability benefit claim can last for decades, courts should not allow a single, perpetually active, lawsuit to

---

[2] Plaintiff was notified of this second termination in a letter dated February 22, 2012 (Doc. 67, at 10), yet did not inform the Court of the second termination before the Court issued its March 27, 2012 order (Doc. 65).

remain open for the presentation of separate disputes."). Furthermore, the second termination of benefits is based on a different Plan provision and different underlying reasons than the initial termination that the Court considered in its March 27 order. Plaintiff must first exhaust his administrative remedies with respect to the second termination. *See Diaz v. United Emp. Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995) ("[T]he general rule governing ERISA claims [is] that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court.").

Plaintiff asks the Court for leave to file an amended complaint based on Defendant's February 29, 2012 denial of his long term disability benefits. Doc. 67, at 5. Plaintiff previously filed a motion for leave to amend on January 10, 2012. Doc. 50. That motion provided no clear indication of the claim Plaintiff wished to assert, and the Court denied the motion as untimely given the parties' agreement that the case required no discovery and should be resolved by summary judgment. *See* Doc. 65, at 14-16. Allowing Plaintiff to revive this lawsuit by pursuing a new and different claim would further prejudice Defendant. Such amendment would also be futile because, as noted above, Plaintiff must first exhaust his administrative remedies with respect to his new claim. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may be denied as futile). Plaintiff's request for leave to amend is therefore denied. If Plaintiff is to pursue a claim based on the recent termination of benefits, it must be in a new action filed after Plaintiff has exhausted his administrative remedies.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 67) is **denied**.

Dated this 7th day of May, 2012.

David G. Campbell
United States District Judge