**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kory Dean Krieger,<br><br>Plaintiff,<br><br>v.<br><br>Nationwide Mutual Insurance Company,<br><br>Defendant. | No. CV11-1059-PHX-DGC<br><br>**ORDER** |

Plaintiff Kory Dean Krieger has filed a motion to seal specific documents in this case. Doc. 70. The motion is unopposed. The Court will deny the motion.

Two standards govern requests to seal documents. "First, a 'compelling reasons' standard applies to most judicial records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). "[A] party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure.'" *Pintos*, 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1178). The second standard applies to "'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Id.* (quoting *Kamanaka*, 447 F.3d at 1180). The "good cause" standard set forth in Rule 26(c) of the Federal Rules of Civil Procedure applies to this category of documents. *See id.*; *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999). For good

cause to exist under Rule 26(c), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see Foltz*, 331 F.3d at 1130. The good cause standard applies to documents attached to non-dispositive motions because those documents are often "'unrelated, or only tangentially related, to the underlying cause of action.'" *Phillips*, 307 F.3d at 1213 (citation omitted). Documents attached to dispositive motions, by contrast, are governed by the compelling reasons standard. *See San Jose Mercury News*, 187 F.3d at 1102; *Foltz*, 331 F.3d at 1136.

Plaintiff asks the Court to seal the following documents: Docs. 1, 19-3, 31-2, 45, 47, 48, 50, 55, 62, and 67. Plaintiff's sole argument is that these documents include Plaintiff's "sensitive medical and personal information." Doc. 71, at 1. Such generalized statements supporting sealing are inadequate; "a party must articulate specific facts to justify sealing, and must do so with respect to each item sought to be sealed." *B2B CFO Partners, LLC v. Kaufman*, No. CV 09-2158-PHX-JAT, 2010 WL 2104257, at *1 (D. Ariz. May 25, 2010) (citing *Kamakana*, 447 F.3d at 1183-84 ("Simply mentioning a general category of privilege, without any further elaboration or specific linkage with the documents, does not satisfy the burden.")). Plaintiff put his medical condition at issue when he filed for benefits. *See Clark v. Schriro*, No. CV 06-0085-TUC-FRZ, 2007 WL 2750667, at *4 n.5 (D. Ariz. Sept. 19, 2007). The mere assertion that Plaintiff considers medical and personal information sensitive does not amount to a compelling reason to seal. *See TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 4947343, at *4 (D. Ariz. Oct. 18, 2011).

The Court must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135) (alteration in original). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 498 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Plaintiff has not shown that his interest in sealing outweighs the "strong presumption in favor of access to court records." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

Courts in this District have permitted movants who demonstrated a good faith effort to carefully redact exhibits an opportunity to supplement their motion to seal in order to meet the standards set forth by the Ninth Circuit. *See TriQuint*, 2011 WL 4947343, at *4. Plaintiff, however, has made no previous effort to protect the information he now claims to be sensitive. Plaintiff has openly filed documents pertaining to his medical condition, sometimes as separate exhibits (*e.g.*, Doc. 1), and other times appended to the motions themselves (*e.g.*, Docs. 45, 48, 50, 55). Plaintiff has not provided the Court with the specific information that he seeks to seal.[1] *See TriQuint*, 2011 WL 4947343, at *4 ("TriQuint cannot leave it to the Court to puzzle out which information it thinks relates to lost profits and then to apply TriQuint's generalized assertions of compelling reasons to justify sealing that information."). Nor has Plaintiff presented compelling reasons to seal the identified documents in their entirety. *See B2B*, 2010 WL 2104257, at *1 ("Plaintiffs make no effort to comply with *Kamakana* in that they do not explain item by item why an exhibit or argument must be sealed. Indeed, they seek to seal the entire motion, which clearly contains law and argument that should not be sealed.").

As the *Kamakana* court noted, it is not this Court's burden to justify unsealing a document; it is the party's burden to overcome the presumption of access to the courts. *Kamakana*, 447 F.3d at 1181-82. Plaintiff has failed to meet this burden.

---

[1] Even if Plaintiff were afforded an opportunity to supplement his motion by identifying the specific information he seeks to seal, the majority of the documents at issue were filed in such a way that makes it impossible for the Court to seal isolated portions of the documents.

1    **IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (Doc. 70) is
2  **denied**.
3    Dated this 9th day of May, 2012.

_____
David G. Campbell
United States District Judge